468 So.2d 1047 (1985)
James Edward COTTON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1531.
District Court of Appeal of Florida, Fourth District.
May 8, 1985.
Rehearing and Certification Denied June 5, 1985.
*1048 Richard L. Jorandby, Public Defender, Cathleen Brady and Jeff Anderson, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This is an appeal from a judgment of guilty of burglary and attempted indecent assault. Appellant raises five points on appeal, all of which have been seriously considered and found not to demonstrate reversible error. One point deserves comment.
Appellant contends in his second appellate point that the trial court erred in denying his motion for mistrial in permitting the state to exercise peremptory challenges so as to systematically exclude blacks from the jury. The point is adequately preserved because appellant objected to the alleged exclusion at trial and this case was in the "pipeline" (Jones v. State, 466 So.2d 301 (Fla. 3d DCA 1985)) when the Florida Supreme Court decided Neil v. State, 457 So.2d 481 (Fla. 1984).
In Neil the supreme court set forth the test to be employed when confronted with the alleged discriminatory use of peremptory challenges based upon race:
The initial presumption is that peremptories will be exercised in a nondiscriminatory manner. A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race. If a party accomplishes this, then the trial court must decide if there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race. If the court finds no such likelihood, no inquiry may be made of the person exercising the questioned peremptories. On the other hand, if the court decides that such a likelihood has been shown to exist, the burden shifts to the complained-about party to show that the questioned challenges were not exercised solely because of the prospective jurors' race. The reasons given in response to the court's inquiry need not be equivalent to those for a challenge for cause. If the party shows that the challenges were based on the particular case on trial, the parties or witnesses, or characteristics of the challenged persons other than race, then the inquiry should end and jury selection should continue. On the other hand, if the party has actually been challenging prospective jurors solely on the basis of race, then the court should dismiss that jury pool and start voir dire over with a new pool.
Id. at 486-487 (footnotes omitted).
Thus, we learn from Neil that, before requiring the offending party to demonstrate that the questioned challenges were not exercised solely because of a prospective juror's race, the offended party must "demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race." No such showing was made here, nor could it have been.
*1049 Without burdening this opinion with the voir dire interrogation of each juror, suffice to say that the record reflects the exclusion of a number of blacks from the jury, but in almost each instance there was a valid basis for exclusion other than race. For example, one juror's son had been prosecuted by the state, represented here by the prosecutor. Another juror has been in the same type of trouble as appellant and was therefore not sure he could convict. Another excluded juror felt children had little credibility, and children were the primary witnesses in this case. Additionally, Juror Parrish was seventy years of age, was not sure she could make a judgment, and did not want to serve.
Since the record presented does not support an application of the Neil rule, the judgment and sentence appealed from is affirmed.
AFFIRMED.
DELL and BARKETT, JJ., concur.