480 So.2d 115 (1985)
Ronald Frederick HALE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2454.
District Court of Appeal of Florida, Second District.
November 13, 1985.
Rehearing Denied January 3, 1986.
*116 James Marion Moorman, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
This appeal involves a consideration of the rule announced by the supreme court in State v. Neil, 457 So.2d 481 (Fla. 1984), which seeks to preclude racial prejudice in the selection of juries.
In Neil, trial courts were directed to apply the following test:
The initial presumption is that peremptories will be exercised in a nondiscriminatory manner. A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race. If a party accomplishes this, then the trial court must decide if there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race. If the court finds no such likelihood, no inquiry may be made of the person exercising the questioned peremptories. On the other hand, if the court decides that such a likelihood has been shown to exist, the burden shifts to the complained-about party to show that the questioned challenges were not exercised solely because of the prospective jurors' race. The reasons given in response to the court's inquiry need not be equivalent to those for a challenge for cause. If the party shows that the challenges were based on the particular case on trial, the parties or witnesses, or characteristics of the challenged persons other than race, then the inquiry should end and jury selection should continue. On the other hand, if the party has actually been challenging prospective jurors solely on the basis of race, then the court should dismiss that jury pool and start voir dire over with a new pool.
457 So.2d at 486-487 (footnotes omitted).
In the instant case, appellant, a black man, was convicted of first degree murder, second degree murder, and second degree grand theft primarily upon the testimony of Revia Johnson, a nine-year-old black girl. During voir dire, the state exercised a peremptory challenge of Mr. Jolliff, a black male juror. Defense counsel made a timely assertion of racial prejudice in the exercise of the challenge and moved the court to dismiss the jury pool and recommence voir dire with a new pool. The court asked the state attorney to explain the reasons for his challenge.[1] In response, the state attorney said:

*117 Again, as a part of my trial strategy, I have a nine-year-old witness who is going to testify, as the Court well knows.
She observed these two murders. She observed a black man commit it. I have got total confidence that Revia Johnson is going to come in this courtroom and identify the defendant as he sits at the defense table.
However, as a part of my trial strategy, I have determined beforehand that I am not going to have a black male if I can possibly have it, not seated on the jury because I don't know how many murder trials Revia Johnson has testified in. I don't think she has testified in many.
I don't want to confuse the girl. I know she will be nervous. I am very concerned about her coming in, and when I ask her to look around, she see the first black male, and being very nervous, she will point to him.
So as a part of my trial strategy, were it not for the fact he was a black male, if he was a black female, with that family background with that knowledge of kids, I would be happy to keep him.
But I have trial strategy to worry about. That is why I am excluding him.
The court denied appellant's motion and voir dire continued. Ultimately, one black female served on the jury and another served as an alternate.
In essence, the prosecutor stated that he felt that when he asked his chief eyewitness to identify the murderer she would point to the first black man she saw. He was concerned that if there were a black man on the jury she might point to him rather than the appellant. The purpose of Neil is to protect against the systematic exclusion of jurors because of their race. Since the prosecutor was not seeking to control the racial composition of the jury, as such, his challenge of Mr. Jolliff may not have been technically within the scope of Neil. Yet, keeping in mind that the state's duty is not only to convict the guilty but to protect the innocent, the prosecutor's justification in challenging this juror cannot be sanctioned under any standard of justice. On this record, appellant could not have been convicted without the eyewitness identification of Revia Johnson. If the certainty of this witness's identification was so weak that it could only be ensured if there were no black men on the jury, the credibility of the appellant's convictions is totally undermined.
We reverse the judgments of guilt and remand for a new trial.
LEHAN and FRANK, JJ., concur.
NOTES
[1] Because Mr. Jolliff was the first black male juror challenged and there appeared to be justifiable reasons for the prior challenges of several black females, we would not be in a position to second-guess the trial judge if he had initially concluded that there was not a substantial likelihood that the peremptory challenges were being exercised solely on the basis of race. See Parker v. State, 476 So.2d 134 (Fla. 1985). However, since the court did ask the prosecutor to justify his challenge, we must examine the reasons given.