502 So.2d 994 (1987)
Curtis Lee THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-820.
District Court of Appeal of Florida, Fourth District.
February 18, 1987.
Rehearing Denied March 11, 1987.
*995 Douglas N. Duncan, of Foley, Colton & Duncan, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Georgina Jiminez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Appellant was convicted of kidnapping, sexual battery, and robbery. He contends that the trial court erred in permitting the state to exercise peremptory challenges so as to systematically exclude jurors of a minority race.
The state exercised peremptory challenges against three black jurors: Horne, Jackson, and Fields. The defense objected to all three challenges. The court sustained the objection as to Jackson, but overruled the objections as to Horne and Fields.
In State v. Neil, 457 So.2d 481 (Fla. 1984), the Florida Supreme Court established the procedure to be followed by the trial court upon an objection to a peremptory challenge based on race. The objecting party must first demonstrate a substantial likelihood that members of a distinct racial group have been challenged solely on that basis. If the court decides that such a likelihood has been shown, then the burden shifts to the other party to show that the challenges were not exercised solely because of race. If that burden is not met, then the voir dire is to begin anew. Neil, 457 So.2d at 486-487.
The appellant contends that he satisfied his initial burden of demonstrating that there was a strong likelihood that jurors Horne, Jackson, and Fields were challenged solely because of their race. The trial court did not find that there was such a likelihood, but it nonetheless inquired into the state's reasons for striking these jurors. Neither party objected to the procedure followed by the trial court, which deviated from that set out in Neil. The state responded that juror Horne had related that a close relative of hers had been charged with murder, and that she had personally attended that trial. In addition, the state was concerned that Horne had recently been involved in an assault and battery, and contended that her demeanor was a factor in concluding that she would not be a good juror. With respect to Fields, the state argued that he had spoken of his acquaintance with persons who had been arrested, and, more significantly, that he had demonstrated a "wishy-washy" demeanor indicating he would not be strong enough to be a good juror. The state said that Jackson, who remained on the jury, would not be a good juror, and that she had given an equivocal response when questioned about whether she might be swayed by sympathy. In sustaining the objection and denying the state's challenge to juror Jackson, the court felt that it could not determine why the challenge was exercised because of the state's delay in using the backstrike.
*996 The reasons offered in support of a challenge need not be equivalent to those justifying a challenge for cause. Neil, 457 So.2d at 487. Furthermore, the exclusion of a juror of a minority race, by itself, is insufficient reason for requiring counsel to justify the challenge. Neil, 457 So.2d at 487. See also Parker v. State, 476 So.2d 134 (Fla. 1985) (although defendant demonstrated that challenged prospective jurors belonged to a distinct racial group, record did not reveal the requisite likelihood of discrimination sufficient to require an inquiry by the court.)
The trial judge is in the superior position to determine whether an explanation of the challenge is necessary. He is not reading a cold record, but hears the tone of the questions, the pauses, inflections, and nuances of the spoken responses. The trial judge is best able to evaluate whether there is a need for the explanation of challenges on the basis that they are racially motivated. See Taylor v. State, 491 So.2d 1150 (Fla. 4th DCA 1986).
The trial judge did not actually make a finding that the defense had made the showing necessary to shift the burden to the state. It is clear that the Neil test requires such a finding before an inquiry is made of the other side. Neil, 457 So.2d at 486. Nevertheless, we find that the record supports the exercise of the court's discretion. The judge was clearly satisfied that the questioned challenges were not exercised solely because of the jurors' race. Although we find no error, trial courts are reminded to make the record clear as to whether it has been found that the objecting party has sufficiently shown that inquiry into the juror challenge is required, or whether an opponent's response to the objection was simply voluntary and made only "for the record." Further, where an objection is sustained, the Neil procedure of obtaining a new panel should be followed, unless clearly waived.
Appellant raises two other issues which have been thoroughly discussed in his previous appeals. See Thomas v. State, 494 So.2d 248 (Fla. 4th DCA 1986); Thomas v. State, 494 So.2d 240 (Fla. 4th DCA 1986).
Affirmed.
GLICKSTEIN and DELL, JJ., concur.