THOMPSON, Judge.
This is an appeal by McCloud of the judgments and sentences imposed as a result of two separate trials. We affirm both convictions but remand for resentencing in one of the cases.
McCloud was charged in case number 85-4591 with one count of burglary with intent to commit felony assault and one count of sexual battery while armed with a deadly weapon. In case number 85-4592 McCloud was charged with the same offenses involving a different victim. He entered pleas of not guilty in both cases, and the cases proceeded to jury trial on October 16, 1985 and September 9, 1985, respectively. In case number 85-4591 McCloud was found guilty as charged, and in case number 85-4592 he was found guilty of the lesser included offenses of trespass and sexual battery with slight force.
In case number 85-4592, which was tried first, the state used eight of its ten peremptory challenges to strike eight of the nine black members of the venire. The remaining black venire member served as a juror. Pursuant to State v. Neil, 457 So.2d 481 (Fla.1984) the defendant moved to strike the venire and for a mistrial on the grounds that the prospective black jurors were challenged solely on the basis of their race. The state volunteered nonracial reasons for five of its eight challenges and the trial judge denied the defense motions, finding that the state had provided sufficient reasons for its challenges.
In case number 85-4591 the state challenged seven black members of the venire and one white member. The defense objected to the state’s use of its peremptory challenges to strike black venire members and again asked the court to strike the venire and declare a mistrial. The state volunteered nonracial reasons for each strike, and the court denied the defense motions. No showing was made in this case as to the racial composition of the original twenty-one member venire or of the jury which was ultimately seated.
State v. Neil sets forth the procedure which must be followed when a party seeks to interpose an objection to the opposing party’s use of peremptory challenges in a racially discriminatory manner. In the instant case, as in many other cases arising under Neil, the precise procedure prescribed by the supreme court was not followed. Nevertheless, we are satisfied that the defense in both cases made a timely objection and demonstrated on the record that challenged jurors were members of a distinct racial group. After so doing the defense bears the additional burden of demonstrating that there is a strong likelihood that the prospective jurors have been challenged solely on the basis of their race. The defense in the instant case did not present any evidence of a likelihood that the prospective jurors had been challenged because of their race.
This case is controlled by specific language in Neil which states that “the *58 exclusion of a number of blacks by itself is insufficient to trigger an inquiry into a party’s use of peremptories.” 457 So.2d at 487, n. 10. Although the defense in the instant case did establish that the challenged persons were a member of a distinct racial group it did not carry its additional burden of demonstrating that there was a strong likelihood that they were challenged solely because of race. The mere demonstration of the exclusion of a number of blacks is not sufficient to entitle a party to inquiry into the other party’s use of per-emptories. See also Blackshear v. State, 504 So.2d 1330 (Fla. 1st DCA 1987); Cotton v. State, 468 So.2d 1047 (Fla. 4th DCA 1985). Furthermore, in the instant case the state gave nonracial reasons for striking most of the black jurors. The court apparently found these reasons adequate to assure it that there was no substantial likelihood the challenges were being exercised on the basis of race.
We are compelled to affirm the trial court’s decision as the defense failed to carry its initial burden of demonstrating that there was a strong likelihood that the jurors were challenged solely because of race. In addition, the state’s action of volunteering nonracial reasons for the striking of the jurors and the trial judge’s consideration and acceptance of those reasons require the affirmance of the trial judge’s denial of the defendant’s motion for mistrial in each case.
In case number 85-4591 McCloud contends the trial court erred in departing from the sentencing guidelines based on the psychological trauma to the victim, arguing that the reason relies upon an inherent component of the offense. We agree. The defendant’s recommended sentence was 17 to 22 years incarceration. Instead the judge imposed two life sentences because of “extreme psychological and emotional trauma” of the victim. In Lerma v. State, 497 So.2d 736 (Fla.1986), the supreme court held that “emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim.” Id. at 739. In the instant case Lerma requires resentencing within the guidelines unless sufficient valid reasons are given for departure.
We have examined the remaining alleged grounds of error and find them without merit.
The judgment and conviction in case number 85-4591 is affirmed, and the case is reversed and remanded only for resen-tencing. The judgment, conviction and sentence in case number 85-4592 is affirmed.
BARFIELD, J., concurs.
ZEHMER, J., dissents with written opinion.