BARKETT, Justice.
We have for review McCloud v. State, 517 So.2d 56 (Fla. 1st DCA 1987), based on express and direct conflict with State v. Slappy, 522 So.2d 18 (Fla.1988), and Black-shear v. State, 521 So.2d 1083 (Fla.1988). We have jurisdiction. Art. Y, § 3(b)(3), Fla. Const.
In Slappy we clarified the standards of State v. Neil, 457 So.2d 481 (Fla.1984). Slappy held that, in cases in which a member of a distinct minority allegedly is removed improperly from a jury venire by the state, any doubt as to whether the complaining party has met its initial burden in challenging this practice should be resolved in that party’s favor. We further held that the state then must tender reasons that are, first, neutral and reasonable and, second, not a pretext. 522 So.2d at 22.
The district court below held that the challenge of the vast majority of black veniremen did not constitute a violation of Neil because the defendant had failed to demonstrate a strong likelihood that this occurred for racial reasons. The district court further relied on a case we have quashed on review, Blackshear v. State, 504 So.2d 1330 (Fla. 1st DCA 1987), quashed 521 So.2d 1083 (Fla.1988). Because the opinion below thus suggests that the district court may have applied an incorrect standard, we accordingly quash the opinion below and remand for reconsideration in light of our opinions in Slappy and Blackshear.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW, GRIMES and KOGAN, JJ., concur.