536 So.2d 1081 (1988)
Gerald Dobly McCloud, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-412.
District Court of Appeal of Florida, First District.
November 10, 1988.
*1082 Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.

OPINION ON REMAND FOR RECONSIDERATION
THOMPSON, Judge.
McCloud petitioned the Supreme Court of Florida for review of the decision of this court in McCloud v. State, 517 So.2d 56 (Fla. 1st DCA 1987), alleging express and direct conflict with State v. Slappy, 522 So.2d 18 (Fla. 1988) and Blackshear v. State, 521 So.2d 1083 (Fla. 1988) (Blackshear II). Our supreme court remanded McCloud to this court for reconsideration in light of its holding in Slappy and Blackshear II. McCloud v. State, 530 So.2d 56 (Fla. 1988). After reconsideration we affirm the lower court in Circuit Court Case Number 85-4591. We reverse and remand for new trial in Circuit Court Case Number 85-4592.
In Slappy the supreme court held that, in cases in which a member of a distinct minority group allegedly has been removed improperly from a jury venire by the state, any doubt as to whether the complaining party has met its initial burden in challenging this practice should be resolved in that party's favor. The court further held that the state then must tender reasons for its exercise of peremptory challenges that are neutral and reasonable, and not a pretext. Blackshear II quashed the decision of this court in Blackshear v. State, 504 So.2d 1330 (Fla. 1st DCA 1987), wherein we held that the defendant had failed to demonstrate a strong likelihood that the challenge of black venirepersons occurred for racial reasons.
This appeal involves two judgments and sentences entered pursuant to the verdicts of two separate juries rendered in two separate trials held more than a month apart. In each case the state used some of its peremptory challenges to strike black members of the venire and in each case the defendant, a black man, moved to strike the venire and for a mistrial on the ground that prospective black jurors were challenged solely on the basis of their race. The trial judge apparently found that there was a likelihood that the prospective jurors had been challenged because of their race, since he directed an inquiry into the state's use of its peremptory challenges. In response to the inquiry into the use of its peremptory challenges in Case No. 85-4591 the state gave explanations for the challenges which appeared reasonable, raceneutral and non-pretextual. The trial judge, whose primary responsibilities include making assessments of credibility, accepted the proffered explanations as valid and truthful. It is not the function or prerogative of an appellate court to substitute its judgment for that of the trial judge on the issue of the credibility of the state's reasons unless the record reflects a clear abuse of discretion.
In Case No. 85-4592, after the trial court inquired into the state's reasons for challenging black members of the venire, the state failed to give any reasons for three of its challenges. As the state did not carry its burden of providing nonracial reasons for its challenge of each of these three prospective jurors, the defense motion for mistrial should have been granted.
We therefore affirm the judgment and sentence of the lower court in Case No. 87-4591. We reverse the judgment and sentence in Case No. 87-4592 and remand for new trial.
ZEHMER and BARFIELD, JJ., concur.