548 So.2d 823 (1989)
Junious Edward MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2507.
District Court of Appeal of Florida, First District.
September 8, 1989.
*824 Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., A.E. Pooser IV, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences for armed robbery and three counts of sexual battery. We find that the state was improperly allowed to utilize a peremptory challenge in a discriminatory manner. This error requires that the judgments of conviction be reversed.
After the state utilized peremptory challenges to exclude two black prospective jurors, appellant's counsel requested that the court inquire as to the state's reasons for such exclusion. The state responded, indicating that one of the challenges was utilized as to a black female because she was divorced and had never served on a jury. Appellant's counsel noted that other jurors were accepted who had not previously served on a jury. The state suggested that "her status as a divorcee indicates a relative instability and the other jurors are not similarly situated." Appellant's counsel further noted that the prospective juror had been employed for "quite some time" and had lived in the area for ten years, and that "it's the same qualifications" as certain jurors who were accepted. The court determined that the state's challenges were exercised for valid reasons, and the case then proceeded to a trial resulting in appellant's conviction.
Appellant made a sufficient objection and initial showing in accordance with State v. Neil, 457 So.2d 481 (Fla. 1984), to contest the state's use of peremptory challenges. Although one black was seated on the jury, and another excluded for a valid reason, the exclusion of even a single prospective black juror for a racially impermissible reason may be a violation of equal protection. See State v. Slappy, 522 So.2d 18 (Fla. 1988); Floyd v. State, 511 So.2d 762 (Fla. 3d DCA 1987). In conducting a Neil inquiry and concluding that the state had expressed valid reasons for its peremptory challenges, the court apparently determined that the state had offered a racially neutral explanation. When determining the reasonableness of an explanation the court should properly decline to substitute its judgment for that of counsel. See Slappy, supra. Likewise, the appellate court may not substitute its judgment for that of the lower court in assessing credibility, absent an abuse of discretion. See McCloud v. State, 536 So.2d 1081 (Fla. 1st DCA 1988). But the proffered reasons should not be merely accepted at face value; they must be evaluated as a disputed issue of fact. See Slappy, supra. And once a likelihood of racial motivation has been demonstrated, the state must tender an explanation which is not only reasonable but also shows the absence of subterfuge or pretext. Id.
*825 The state's asserted justification that a challenged juror was divorced and had never served on a jury was equally applicable to a juror and an alternate who were not black and were accepted without challenge. This circumstance is "strong evidence" that the state's explanation was a subterfuge to avoid admitting a discriminatory motive. See Floyd, supra. And Slappy indicates that an explanation based on reasons equally applicable to a juror who is not challenged weighs against the legitimacy of a race-neutral justification and tends to suggest an impermissible pretext. Because a substantial likelihood of racial discrimination was initially shown, and the state's explanation did not distinguish the excluded individual from jurors who were accepted without challenge, the state has not rebutted the inference that it utilized a peremptory challenge in a racially discriminatory manner. The lower court should not have allowed the exclusion of a potential juror on this basis, and appellant is therefore entitled to a new trial.
The judgments of conviction are reversed and the sentences vacated, and the cause is remanded.
ERVIN and ZEHMER, JJ., concur.