557 So.2d 680 (1990)
Alonzo BOHANNON, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-480.
District Court of Appeal of Florida, Third District.
March 6, 1990.
Bennett H. Brummer, Public Defender and Howard K. Blumberg and Carol J. Young Wilson, Asst. Public Defenders, for appellant.
*681 Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GODERICH, JJ.
PER CURIAM.
Rejecting the defendant's only attack upon the judgment of conviction, we conclude that the trial court did not abuse its discretion in concluding that the state's peremptory challenge of a single black juror  who was replaced by another black juror whom the prosecution did not excuse  was not unconstitutionally based upon her race. See McCloud v. State, 536 So.2d 1081 (Fla. 1st DCA 1988); Thomas v. State, 502 So.2d 994 (Fla. 4th DCA 1987), review denied, 509 So.2d 1119 (Fla. 1987); Taylor v. State, 491 So.2d 1150 (Fla. 4th DCA 1986), review denied, 501 So.2d 1284 (Fla. 1986); Schlanger v. State, 397 So.2d 1028 (Fla. 3d DCA 1981), review denied, 407 So.2d 1105 (Fla. 1981); see also Wright v. State (Fla.3d DCA, Case no. 89-1491, opinion filed this date).
As the state agrees, the sentence is vacated and the cause remanded for a correct recalculation of the guidelines scoresheet and for resentencing accordingly.
Affirmed in part, vacated in part.