570 So.2d 314 (1990)
Winston SMELLIE, et al., Appellants,
v.
Raymond TORRES, et al., Appellees.
Nos. 89-440, 89-445, 89-687 and 89-688.
District Court of Appeal of Florida, Third District.
September 11, 1990.
Rehearing Denied December 19, 1990.
*315 Kubicki, Draper, Gallagher & McGrane, Betsy Gallagher and Dennis J. Murphy, and Allocca & Felder, Miami, for appellants.
Daniels and Hicks, Bambi G. Blum, and Miller, Selig & Kelley, and Herman M. Klemick, Miami, for appellees.
Before NESBITT, BASKIN and FERGUSON, JJ.
NESBITT, Judge.
A tow truck owned by 27th Avenue Gulf Service Center, Inc. and driven by Raymond Torres collided with a van driven by Winston Smellie. After the impact, the van, which additionally contained Grace and Robert Smellie and the vehicle's owner, Enid Smellie, went out of control and collided with a vehicle driven by Wilfred Gibson. The parties conceded that Gibson was not at fault, and the issue on liability was whether the driver of the van, the driver of the tow truck, or both drivers were negligent. In one suit, Grace and Robert sued Torres and Gulf. In the second suit, Gibson sued Winston, Torres, and Gulf. Winston and Gulf filed cross-claims against each other for contribution and Gulf filed a third party complaint against Enid who counterclaimed for damages arising from her personal injuries and property damage.
On appeal, we address only that claim which we consider meritorious. As discussed below, we agree with Winston and Enid Smellie that it was improper to permit the challenge of a black juror, Mr. Palmer, for the stated purpose of seating a Latin juror. To the extent that this analysis controls the rights and obligations of the various parties, reversal for a new trial is mandated.
At trial, the court designated a total of eighteen peremptory challenges allowed to all parties. Gibson and Torres were each given three peremptories. Also, three were to be split between Gibson and Torres. Counsel for Gibson allowed Torres to utilize these additional challenges. Winston, Grace, and Enid were given three peremptory challenges each. A total of forty prospective jurors were selected for the venire. Five of these veniremen were black. The court struck one for cause. Gibson's counsel exercised a peremptory challenge as to a second. Two were stricken by Torres. One was seated. Thereafter, counsel for defendant, Winston, objected that codefendant Torres had systematically excluded blacks from the jury. Winston argued that Torres and Gibson, *316 whose interests were aligned, conferred in their jury selection, exercising their challenges in a racially discriminatory fashion. Defendant Torres raised the same objection as to the Smellies' striking of Latin jurors, but he did not pursue that issue on appeal and we do not address it.
The trial court conducted an inquiry to determine whether jurors had been challenged in a discriminatory manner. Counsel for Gibson was asked to explain why he struck the first black from the jury pool. Counsel stated that she was stricken because she was the only juror without a driver's license and he did not want a juror without driving experience seated. The court ruled this was reasonable. As to the second black, counsel stated that he did not want that juror seated because he had made a past accident claim and had a second claim pending. The court concluded that challenge also was not based solely on race. The court then requested Torres to explain why he struck the third black, Mr. Palmer. Counsel stated his fear that Palmer, who was employed in a managerial position, would not identify with Torres, a working man. The court rejected this explanation after counsel for Winston pointed out that a white managerial person was left on the jury. Counsel for Torres then stated: "In light of the striking of all the other Latins on a jury and for no other reasons, I can strike him (Palmer) to get to the next Latin on the panel." The trial court erroneously let the challenge stand.
As outlined in State v. Neil, 457 So.2d 481 (Fla. 1984), the initial presumption is that peremptories are exercised in a constitutionally proper manner. This presumption can be overcome by demonstrating in a timely manner that a challenged person is the member of a distinct racial group and that it is likely that he or she has been challenged solely on the basis of race. If a defendant can show this, the trial judge must determine whether there is a substantial likelihood that the peremptory challenge is being used on the ground of race alone. If it is determined that such a likelihood exists, then the burden shifts to the attorney challenging the prospective juror to show, in response to inquiry by the trial court, that the peremptory challenge in question was not exercised solely on the basis of the prospective juror's race. To carry this burden, counsel must demonstrate "a `clear and reasonably specific' racially neutral explanation" for the peremptory challenge. State v. Slappy, 522 So.2d 18, 22 (Fla. 1988), cert. denied, Florida v. Slappy, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988) (quoting Batson v. Kentucky, 476 U.S. 79, 98, n. 20, 106 S.Ct. 1712, 1724, n. 20, 90 L.Ed.2d 69 (1986)); see Thompson v. Thompson, 550 So.2d 496 (Fla. 4th DCA 1989).
As the supreme court pointed out in Slappy, 522 So.2d at 18, what constitutes a "likelihood that the challenge is racially motivated under Neil does not lend itself to precise definition. To aid in this decision, the Slappy court adopted a nonexclusive list of five factors which would weigh against the legitimacy of a race neutral explanation. Those factors are identified as:
(1) alleged group bias not shown to be shared by the juror in question, (2) failure to examine the juror or perfunctory examination, assuming neither the trial court nor opposing counsel had questioned the juror, (3) singling the juror out for special questioning designed to evoke a certain response, (4) the prosecutor's reason is unrelated to the facts of the case, and (5) a challenge based on reasons equally applicable to juror [sic] who were not challenged.
Slappy, 522 So.2d at 22 citing State v. Slappy, 503 So.2d 350, 355 (Fla. 3d DCA 1987).
In the instant case, Torres's counsel failed to give sufficient non-racial reasons for challenging Palmer rather than another member of the jury in order to have the person he desired seated on the panel. Palmer had not displayed any racial bias, see Blackshear v. State, 521 So.2d 1083 (Fla. 1988), and the reason given by Torres's counsel was totally unrelated to the facts of the case. Furthermore, the record is devoid of any suggestion that Torres wanted to reach "the Latin," Mr. Balsa, because *317 of the particular answers Balsa gave to voir dire questions or information contained in his jury questionnaire. Counsel for Torres's comment that he wanted "a Latin" makes his racially and ethnically motivated action entirely clear.
The supreme court, in Kibler v. State, 546 So.2d 710 (Fla. 1989), explained that eliminating one juror to reach another is a legitimate basis for exercising a peremptory challenge. However, in the context of Neil, it is incumbent upon the prosecutor to give non-racial reasons for having challenged a black juror rather than a white juror in his effort to make room for new persons he seeks to have join the panel. Kibler, 546 So.2d at 714. Having failed to do so, Torres's counsel failed to carry the burden of demonstrating that his challenge of Palmer was not solely racially motivated. See Id.; see also Slappy, 522 So.2d at 18.
Petit juries actually chosen need not mirror the community nor reflect various distinctive groups in population. Kibler, 546 So.2d at 712; see Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). Furthermore, the fact that a black person has already been seated as a juror or alternate is not dispositive. Slappy, 522 So.2d at 21; see Mitchell v. State, 548 So.2d 823 (Fla. 1st DCA 1989). Nor can the error of permitting such a challenge to stand be deemed harmless. Williams v. State, 551 So.2d 492 (Fla. 1st DCA 1989), review denied, 560 So.2d 235 (Fla. 1990); Hargrove v. State, 530 So.2d 441 (Fla. 4th DCA 1988); City of Miami v. Cornett, 463 So.2d 399 (Fla. 3d DCA), cause dismissed, 469 So.2d 748 (Fla. 1985).
By inference, counsel for Torres was stating that a fellow Latin might be more likely to sympathize with Torres's situation. However, no party is entitled to challenge members of a distinct racial group so as to seat jurors whom he perceives as having racial and ethnic biases or prejudices similar to his own. As stated in Slappy, 522 So.2d at 20, "[B]y giving official sanction to irrational prejudice, courtroom bias only enflames bigotry in the society at large."
Accordingly, we reverse the trial court's order and remand for new trial as to liability only.[1]
NOTES
[1] See 27th Ave. Gulf Service Center v. Smellie, 510 So.2d 996 (Fla. 3d DCA 1987).