486 So.2d 565 (1986)
STATE of Florida, Petitioner,
v.
Jose CASTILLO, Respondent.
No. 67046.
Supreme Court of Florida.
March 20, 1986.
Rehearing Denied May 7, 1986.
Jim Smith, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., Miami, for petitioner.
Roy E. Black of Black & Furci and Bradley R. Stark, Miami, for respondent.
McDONALD, Justice.
We accepted jurisdiction in Castillo v. State, 466 So.2d 7 (Fla. 3d DCA 1985), to resolve a conflict as to whether State v. Neil, 457 So.2d 481 (Fla. 1984), applies to all cases pending on direct appeal at the time the decision became final. Generally, an appellant is entitled to the benefit of the law at the time of appellate disposition. Dougan v. State, 470 So.2d 697, 701 n. 2 (Fla. 1985). We see no exception to this principle in this case. Our comment in Neil that it should not be applied retroactively was intended to apply to completed cases.
A second issue is whether the objection to the improper use of peremptories must be raised prior to the jury being sworn. The answer is in the affirmative. In Neil we outlined the procedure required to preserve this issue. A timely objection must be raised and the state must be given an opportunity to demonstrate that the use of a peremptory was not motivated solely by race. Clearly, an objection must be raised prior to the swearing of the jury, and the issue being presented for the first time on a motion for mistrial, after the jury is sworn, is not timely.
Finally, the district court granted a new trial because of improper cross-examination of a witness. Without any apparent factual formulation the prosecutor inferred an illegal act on the part of the defendant's *566 witness, thus discrediting her in the eyes of the jury by improper means. We agree that this constituted reversible error.
That portion of the district court's opinion dealing with the Neil issue is quashed, but the granting of a new trial is approved.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.