504 So.2d 1330 (1987)
Walter BLACKSHEAR, Appellant,
v.
STATE of Florida, Appellee.
No. BL-441.
District Court of Appeal of Florida, First District.
March 20, 1987.
Rehearing Denied April 27, 1987.
Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
This appeal arises from the conviction of appellant for the sexual battery of a person under 12 years of age. Evidence showed that appellant and another enticed the 11-year old female victim into an abandoned house and sexually battered her. We affirm.
During jury selection, eight of the nine prospective jurors who were peremptorily challenged by the state were black. The state did not use its tenth challenge. The defendant, a black person, used his temperemptory challenges to excuse nine whites and one black.
The court denied a defense motion to allow more than the ten peremptory challenges already used. At the conclusion of the selection of the regular jurors (all six of whom were white) but before selection of the alternate juror, defense counsel orally moved that the court strike the entire panel. Counsel's sparsely stated ground was that "eight [challenges] have gone to exclude black potential jurors, and he is obviously making an attempt to provide a jury that is of a different race than the defendant." Inasmuch as no suggestion *1331 had theretofore been made of any discriminatory purpose in the exercise of peremptory challenges, there initially appeared to be uncertainty by the trial judge and prosecuting attorney as to the race of those who had been excused during the selection process. However, the court and prosecuting attorney apparently acquiesced in the accuracy of defense counsel's representation as to the race of the jurors who had been excused.
After defense counsel moved to strike the jury panel, the following colloquy occurred:
THE COURT: Do you want to put anything on the Record?
MR. FINA: If you want me to. If you are asking for a response, the only response I could make is I think the objection at this point would be untimely for this whole thing because I can't go back and recall why I struck each one. If the Court would like to give me an opportunity, and I so request, I could do that and go back through my notes. I had a valid reason beside any racial issue to exclude each one of these jurors, and they were not all black. There was one white. And as you are well aware, the total pool was made up of a composition of quite a few blacks, as well.
Without further comment by either the court or defense counsel, the court denied the defense motion. The alternate juror was then selected who, incidentally, was black.
Under State v. Neil, 457 So.2d 481 (Fla. 1984), there is a presumption that peremptory challenges have been exercised in a nondiscriminatory manner, and a party seeking to challenge opposing counsel's exercise of peremptories must make timely objection and has the initial burden of demonstrating on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race. Id. at 486. See also Batson v. Kentucky, ___ U.S. ___, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
We will assume, without deciding, that defense counsel's objection was timely.[1] However, we hold that the defendant failed in his initial burden. Although he apparently did establish (through acquiescence if not by the record) that the challenged persons were members of a distinct racial group, he did not carry his burden of demonstrating that there was a strong likelihood that they were challenged solely because of race. See Parker v. State, 476 So.2d 134, 138 (Fla. 1985). The mere exclusion of a number of blacks by itself is insufficient to entitle a party to an inquiry into the other party's use of peremptories. State v. Neil, supra at 487, n. 10; see also Taylor v. State, 491 So.2d 1150 (Fla. 4th DCA 1986) (defendant's initial burden not met by counsel's pointing out that all five prospective black jurors had been challenged). Moreover, as in Cotton v. State, 468 So.2d 1047 (Fla. 4th DCA 1985), racially neutral reasons for many of the state's peremptory challenges of the black prospective jurors were apparent from the record of the voir dire examination.
Although, as we have held, the defense did not meet its initial burden under Neil, the prosecuting attorney at the hearing on the motion for new trial augmented the record by articulating specific reasons for his having excused the various black jurors. Such reasons were racially neutral such that, even had the defendant met his initial burden, it would have been incumbent upon the trial court to deny the defense motion to dismiss the panel.
We have examined the remaining points urged by the appellant and find them to be without merit.
AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] On the timeliness question we observe that counsel expressed no concern regarding the state's use of its peremptory challenges until he had used all ten of his own peremptories. And defense counsel offered no reason for the delay in raising his objection to the state's alleged discriminatory exercise of its peremptories.