521 So.2d 1083 (1988)
Walter BLACKSHEAR, Petitioner,
v.
STATE of Florida, Respondent.
No. 70513.
Supreme Court of Florida.
March 10, 1988.
Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Norma J. Mungenast, Beverly D. Berry and Edward C. Hill, Jr., Asst. Attys. Gen., Tallahassee, for respondent.
BARKETT, Justice.
We have for review Blackshear v. State, 504 So.2d 1330 (Fla. 1st DCA 1987), based upon express and direct conflict with Slappy v. State, 503 So.2d 350 (Fla. 3d DCA 1987). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We find that the trial court erred in failing to conduct a timely inquiry under State v. Neil, 457 So.2d 481 (Fla. 1984), clarified sub nom, State v. Castillo, 486 So.2d 565 (Fla. 1986), and State v. Slappy, 522 So.2d 18 (Fla. 1988). We thus quash the decision of the district court and remand for further proceedings.
Blackshear, a black man, was accused of sexual battery against an 11-year-old. At trial, the prosecutor used eight of ten peremptory challenges to exclude blacks from the jury. The resulting jury was comprised entirely of whites, with one black alternate. At the conclusion of the selection of regular jurors, but before an alternate was chosen, the defense moved to strike the entire panel because "eight [challenges] have gone to exclude black potential jurors, and [the state] is obviously making an attempt to provide a jury that is of a different race than the defendant."[1] 504 So.2d at 1330. This was the first such objection raised by the defense.[2] The state *1084 initially was unable to give any reason for its actions other than a general statement that no racial motivation existed. Id. at 1331. Nonetheless, the court failed to conduct a Neil hearing at this time. Indeed, no such hearing was held until well after the trial had concluded, at which time the state presented a variety of reasons for excluding each of the blacks. Based on this hearing, the trial court sustained the state's asserted reasons.
The First District upheld Blackshear's conviction based on our decision in Neil. It held that Blackshear had not met his initial burden of showing the likelihood of an impermissible motive for the state's use of the peremptory, as required by Neil. Even had this burden been met, the court noted, the reasons articulated by the state were sufficient to establish racially neutral grounds for the use of the challenges. 504 So.2d at 1331.
Based on our decision today in Slappy, we hold that the burden of proof clearly had shifted to the state. The state conceded that it had used its peremptory challenges to exclude eight members of a cognizable group from the panel. 504 So.2d at 1330-31. At the time the defense's objection was made, not a single black member remained on the prospective panel.[3] There was no indication that any of the excluded blacks would be unfair or partial, nor did the prosecutor so contend. See State v. Jones, 485 So.2d 1283 (Fla. 1986). Indeed, when pressed by the trial court, the state at first was unable to recall any neutral record-based reason for excluding eight blacks from the panel. 504 So.2d at 1331.
Moreover, we conclude that the hearing, conducted well after the trial had concluded, was untimely. When a Neil objection is properly raised, as it was in this instance, the time for the hearing has come. The requirements established by Slappy cannot possibly be met unless the hearing is conducted during the voir dire process. Only at this time does the court have the ability to observe and place on the record relevant matters about juror responses or behavior that may be pertinent to a Neil inquiry.
Although petitioner raises additional issues, the district court did not address them and we confine our review to the issue creating conflict.
For the reasons herein, the opinion in Blackshear is quashed. We remand to the First District for proceedings consistent with this opinion.
It is so ordered.
OVERTON, EHRLICH, SHAW and GRIMES, JJ., concur.
McDONALD, C.J., concurs in result only.
NOTES
[1] The state did not challenge the defense's statement that the eight jurors were black. 504 So.2d at 1331-32.
[2] The First District assumed, without deciding, that the objection was timely. However, as the state concedes, the defense's objection and motion to strike the panel was timely because it was raised prior to the swearing of the jury. See State v. Castillo, 486 So.2d 565 (Fla. 1986).
[3] A black alternate juror later was chosen, but the regular panel was all white. 504 So.2d at 1331.