PER CURIAM.
Eddie Woods was convicted of burglary of a structure, grand theft second-degree, and possession of cocaine.
As a first point on appeal, Woods claims that the trial court committed reversible error in denying his motion to require that the State give reasonably specific race-neutral explanations for its use of peremptory challenges to remove the only two black venirepersons. We agree and reverse on the authority of State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), State v. Neil, 457 So.2d 481 (Fla.1984), and Floyd v. State, 511 So.2d 762 (Fla. 3d DCA 1987), rev. denied, 545 So.2d 1369 (Fla.1989). The appellant made a pri-ma facie showing in the trial court of a “likelihood” that discrimination existed. An obligation was thus imposed upon the State to rebut the inference.
Since this case must be retried, we will also briefly address the claim that the trial court erred in admitting the statements of a nontestifying codefendant to implicate Woods, and by allowing a State witness to vouch for the credibility of that nontestifying codefendant. It is settled law that evidence provided by a nontestify-ing witness which implicates the defendant is hearsay, not admissible at trial as substantive evidence. Postell v. State, 398 So.2d 851 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla.1981).
Reversed and remanded for a new trial.