DANAHY, Judge.
The appellant challenges his convictions for first-degree murder, robbery, and grand theft. One of the issues raised by the appellant requires that we reverse and remand for a new trial. We need not, therefore, address the other two issues.
During jury selection, the state objected to the use of a peremptory challenge by defense counsel to strike a Caucasian male from the group of prospective jurors. The state explained that it felt the white male juror’s constitutional rights were violated by his exclusion from an opportunity to *1013 serve on a jury because he was white, and where the victim in the case was white. Remarking “that you must show a strong likelihood that the defense is exercising its peremptory challenges based on group bias and you have wholly failed to show it,” the trial court overruled the state’s objection.
The state thereupon promptly exercised a peremptory challenge to “backstrike” juror number five, a black female, who had already been accepted by the state. The defense objected, pointing out that the defendant on trial, the appellant, is a black male. The trial court ruled that the defense had failed to show a strong likelihood that the state exercised its peremptory challenge based on “group bias,” and overruled the objection. The defense responded by pointing out that the jurors were acceptable to the state, including juror number five, the black female in question, and that only after the court overruled the state’s objection to the strike of a white juror did the state elect to strike a black female juror who had previously been acceptable. Defense counsel maintained that this constituted a showing of a likelihood that the challenge was motivated solely by race. Notwithstanding, the trial court adhered to its previous ruling and overruled the defense objection.
We believe the trial court erred in failing to make the inquiry required by the supreme court in State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986), and clarified, State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). Those decisions say that a party claiming racial discrimination in the exercise of a peremptory challenge must voice a timely objection to the challenge, demonstrate that the challenged person is a member of a distinct racial group, and describe a likelihood that the challenge is motivated solely because of race. We believe all three of these requirements were met in this case. Accordingly, the trial court erred in failing to require the state to demonstrate legitimate, race-neutral, record-supported reasons for the challenge. We reverse and remand for a new trial.
Reversed and remanded for a new trial.
SCHOONOVER, C.J., and HALL, J., concur.