BASKIN, Judge.
Angel Martinez appeals a judgment of conviction for attempted first degree murder. We reverse.
Defense counsel objected to the state’s exercise of a peremptory challenge to strike the only black venire member. The trial court overruled the objection, found no prima facie showing of discrimination, and ruled that the state need not provide a reason for the strike. That ruling was error. “The act of eliminating all minority venire members, even if their number totals only one, shifts the burden to the state to justify the excusal upon a proper defense motion.” Reynolds v. State, 576 So.2d 1300, 1302 (Fla.1991); Blackshear v. State, 521 So.2d 1083 (Fla.1988); Johans v. State, 587 So.2d 1363 (Fla. 5th DCA 1991); Woods v. State, 556 So.2d 752 (Fla. 3d DCA 1989); Parrish v. State, 540 So.2d 870 (Fla. 3d DCA), review denied, 549 So.2d 1014 (Fla.1989); see State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). In this case, defense counsel’s timely objection to the state’s peremptory challenge of the only black venire member satisfied the burden of demonstrating a substantial likelihood that the challenge was exercised on a racially discriminatory basis. At that point, the trial court should have conducted a Neil inquiry and required the state to provide neutral, reasonable and nonpretex-tual reasons for its challenge. State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986). Accordingly, we reverse and remand for a new trial.
Reversed and remanded.