PER CURIAM.
We affirm appellant’s convictions and sentences for conspiracy to commit first degree murder and first degree murder.
Appellant raises a Neil/Slappy issue as to the peremptory challenge of one African American juror. See State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986); State v. Slappy, 522 So.2d 18 (Fla.1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). While a Neil/Slappy generally requires the granting of a new trial, the special facts of this case lead us to conclude that the error, if any, does not require one. In this case the state had not made one peremptory challenge to an African American juror during voir dire of the jury panel, although appellant, a Cherokee Indian, had exercised several such challenges. The full panel of twelve jurors was selected and sworn by the trial judge. The juror challenged by the state was being questioned as a prospective alternate juror. Two alternates were sworn in, but both were excused prior to the jury deliberations.
We think that under these circumstances no error is demonstrated affecting appellant’s right to a fair trial before an impartial jury. Article I, Section 16, Florida Constitution. As the challenged juror would not have served in any event, the state’s use of the peremptory challenge did not encroach on appellant’s constitutional guarantee. In State v. Castillo, the court held that an objection to the improper use of peremptory challenges must be made before the jury is sworn. Id. at 565. No such objection was made to any challenge exercised prior to the swearing of the jury panel which actually deliberated on the case. Therefore, no error appears which affects the right of appellant to a trial before an impartial jury.
Appellant also claims that the trial court should have granted appellant’s motion to suppress his confession. We find that con *560 tention to be without merit. See State v. Chavis, 546 So.2d 1094 (Fla. 5th DCA 1989), cert. denied, 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990).
Affirmed.
DELL, WARNER and FARMER, JJ., concur.