SCHOONOVER, Judge.
The appellant, Lebrón Cardilia Marshall, challenges a trial court order finding that the state properly exercised two peremptory challenges during the jury selection stage of appellant’s trial for the crimes of capital sexual battery and lewd and lascivious conduct. We agree with the state’s contention that upon remand from this court after the appellant’s first appeal, the state presented sufficient evidence to support a finding that the two peremptory challenges in question were based on race neutral, nonpretextual reasons. Because the evidence was not presented at the proper time, however, we must still reverse and remand for a new trial.
The appellant, a young African-American man, was charged with capital sexual battery and lewd and lascivious conduct. The alleged victim of the battery, a four year old child, as well as all of the state’s primary witnesses, were also African-American. One African-American was selected for the jury and another was selected as an alternate.
The state, over the objections of the appellant, peremptorily challenged two potential jurors who were relatively young African-American men. The state contended that a Neil inquiry was not required because there was no pattern of exclusion shown. See State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986), clarified, State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). The trial court agreed and did not require the state to explain the reasons for the peremptory challenges.
The jury found the appellant guilty of capital sexual battery and lewd and lascivious conduct, and he appealed from the judgments and sentences imposed upon him after the jury verdicts.
In the appellant’s first appeal, this court held that the trial court erred by not holding a Neil inquiry and that the state should have been required to explain its reasons for exercising the two peremptory challenges. Instead of ordering a new trial, the matter was remanded to the trial court to conduct an evidentiary hearing on the Neil issue. The trial court was instructed to allow the appel *85 lant’s convictions to stand if the state established that the challenges were proper and to order a new trial if the state did not. Marshall v. State, 593 So.2d 1161 (Fla. 2d DCA 1992).
Upon remand, the trial court conducted an evidentiary hearing on the Neil issue. At the hearing, the prosecutor who struck the two prospective jurors testified that she did so because they gave equivocating answers regarding children and their involvement with children. Since the case involved the sexual battery of a child, the prosecutor stated that her greatest concern was the prospective jurors’ reactions to children and whether they believed a child over an adult. The prosecutor testified further that the answers these two people gave concerning children indicated to her that they might identify with the appellant and have a heightened concern about false accusations made by children. At the conclusion of the hearing, the trial court issued a written order finding that the peremptory challenges were exercised for race neutral reasons and denied relief to the appellant. The appellant filed a timely notice of appeal.
As mentioned above, based upon the record presented to us, we believe that the state presented sufficient evidence to establish that the peremptory challenges were based on race neutral, nonpretextual reasons. But, as also discussed above, because the inquiry was made post-trial and not during jury selection, we must reverse.
In the appellant’s first appeal, this court held that the appellant’s showing of a strong likelihood of a racially motivated challenge was weak at best, but that a Neil inquiry was still necessary. Relying in part on a prior decision of this court in Pearson v. State, 514 So.2d 374 (Fla. 2d DCA 1987), rev. dismissed, 525 So.2d 881 (Fla.1988), the court held that a post-trial evidentiary hearing was the appropriate remedy under the circumstances of this case. This court attempted to distinguish the supreme court’s decision in Blackshear v. State, 521 So.2d 1083 (Fla.1988), on the facts and concluded that since the court in Blackshear did not expressly create a per se rule requiring a new trial as the only remedy in this type of situation, it would not assume a per se rule. The court recognized conflict with our sister court’s holding in Johans v. State, 587 So.2d 1363 (Fla. 5th DCA 1991), and noted that review had been granted in that case.
Since this court’s opinion in the first Marshall appeal and the trial court’s holding upon remand, the supreme court has approved the Johans’ decision. By doing so, the supreme court disapproved in part this court’s opinion in Pearson v. State, 514 So.2d 374 (Fla. 2d DCA 1987), rev. dismissed, 525 So.2d 881 (Fla.1988), and rejected this court’s decision in the first Marshall appeal. State v. Johans, 613 So.2d 1319 (Fla.1993). In Johans, the court stated that as it had noted in Blackshear, a hearing conducted well after a trial is untimely. The court went on to hold that the proper remedy in all cases where the trial court errs in failing to hold a Neil inquiry is to reverse and remand for a new trial.
Since this court originally held that a Neil inquiry was required, and because the supreme court has now held that a new trial is required in all cases where a Neil inquiry is required and not held, we reverse and remand with instructions to provide the appellant a new trial. Johans.
Reversed and remanded with instructions.
DANAHY, A.C.J., and FULMER, J., concur.