PER CURIAM.
The defendant, James Hamilton, appeals his convictions for the sale, purchase or delivery of cocaine and possession of cocaine, and his resulting sentences. We reverse and remand for a new trial.
During the state’s examination of the prospective jurors, the state asked the panel members about their feelings toward police officers. The state asked Ms. Braxton if she thought police officers were all good or all bad. Braxton responded, “Policemen are my friends, I could not live without the policemen.” The state then asked Braxton whether sellers or purchasers of illegal drugs were more culpable. She responded that she was “against drugs strictly” and added that she lives in a high drug area.
Defense counsel attempted to peremptorily strike Braxton, who is an African-American. The state objected to the peremptory challenge and requested a Neil[1] inquiry. The trial court requested an explanation for the challenge. Defense counsel explained that because Braxton had friends who were police officers, she might be partial to police officers. Defense counsel added that Braxton might be more prone to convict because illegal drugs are a problem in her own neighborhood. The trial court did not allow the peremptory challenge. After the trial court accepted Braxton, defense counsel moved to strike the entire jury panel. The trial court denied this motion. The defendant appealed.
The defendant contends that the trial court erred in denying the defendant’s peremptory challenge against juror Braxton where the defendant offered a racially neutral reason for the challenge. We agree.
In response to the trial court’s Neil inquiry, defense counsel explained that Braxton was more likely to be partial to police officers as evidenced by her feelings toward them. Braxton was the sole juror to express such strong partiality toward police officers and state that she needed their protection.
We find that the explanation offered by defense counsel was race-neutral and supported by the record. See Atwater v. State, 626 So.2d 1325 (Fla.1993), cert. denied, — U.S.-, 114 S.Ct. 1578, 128 L.Ed.2d 221 (1994). Moreover, it satisfied the test established in State v. Neil, 457 So.2d 481 (Fla. 1984), clarified sub nom, State v. Castillo, 486 So.2d 565 (Fla.1986), and State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). The trial court abused its discretion in not allowing defense counsel to exercise a peremptory challenge on juror Braxton. Accordingly, we reverse the defendant’s convictions and the sentences imposed and remand this cause for a new trial.

. State v. Neil, 457 So.2d 481 (Fla.1984), clarified sub nom, State v. Castillo, 486 So.2d 565 (Fla. 1986).