708 So.2d 612 (1998)
Kevin John MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-153.
District Court of Appeal of Florida, First District.
March 3, 1998.
Rehearing Denied April 30, 1998.
Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, for Appellee.
KUDER, JOHN P., Associate Judge.
In this criminal case, Kevin Murphy appeals from a final order of judgment and sentence entered following a jury trial. Murphy asserts that the trial court erred in finding untimely defense counsel's objection to the state's exercise of peremptory challenges and in failing to conduct the requested inquiry pursuant to State v. Neil, 457 So.2d 481 (Fla.1984). We agree.
During jury selection[*] for Murphy's trial, the following exchanges took place with respect to the exercise of peremptory challenges:
THE COURT: All right. Mr. Siegel, peremptories.
MR. SIEGEL [Assistant State Attorney]: Your Honor, the state would move to strike juror number two, Sharon Cassidy.
THE COURT: Mr. Barlow.
MR. BARLOW [Attorney for Murphy]: That's one, two, three, four, five, six. Move to strike number
THE COURT: Just tell me the name.
MR. BARLOW: Baugh, B-a-u-g-h.
THE COURT: Mr. Siegel.

*613 MR. BARLOW: Move to strike juror number three, Ms. Pollan.
THE COURT: Mr. Barlow.
MR. BARLOW: Wait a second. We strike Mr. Kirkpatrick.
THE COURT: Mr. Siegel.
MR. SIEGEL: Move to strike Ms. Belsches, juror number five.
THE COURT: All right. That's the third for the state. Mr. Barlow.
MR. BARLOW: Let me just consult with Mr. Murphy.
THE COURT: Sure.
MR. BARLOW: Your Honor, we strike Mr. Williams.
THE COURT: Mr. Williams on the front row. All right. That's it for the defense.
THE COURT: Mr. Siegel.
MR. SIEGEL: Jury number six, Rose Graham.
MR. BARLOW: Wait a minute. Okay. How many have you used now?
MR. SIEGEL: Four.
THE COURT: That's his fourth.
MR. BARLOW: Okay.
THE COURT: You have three remaining, Mr. Barlow. Keep this up, we're going to run out of jurors.
MR. BARLOW: I think that will do. I think that will do. We've got Jacobs
THE COURT: It would be Jacobs, Hernandez, Gwinnup, Berg, Hopkins, and Perani.
MR. BARLOW: That's fine.
MR. SIEGEL: Move to strike Mr. Perani.
THE COURT: That's five for the state. Mr. Barlow, Mr. Brewer would come on to the jury then.
MR. BARLOW: That's fine.
THE COURT: Mr. Siegel, you have one challenge left.
MR. SIEGEL: Strike Mr. Brewer, juror number 15.
THE COURT: Mr. Barlow, you're in control.
MR. BARLOW: That's puts us with Ms. Everett.
THE COURT: They have Jacobs, Hernandez, Gwinnup, Berg, Hopkins, and VanderlindeI'm sorry, and Everett.
MR. BARLOW: That's fine with us.
THE COURT: All right. That would mean Mrs. Sowell would be the alternate unless challenged by the state. Mr. Siegel?
MR. SIEGEL: No, Your Honor.
THE COURT: Or the defense, Mr. Barlow?
MR. BARLOW: No, no, Your Honor.
THE COURT: Jacobs, Hernandez, Gwinnup, Berg, Hopkins
MR. BARLOW: I would
THE COURT: Wait a minuteEverett and Sowell. Do you agree those are the six?
MR. BARLOW: I would like to make an inquiry. I just noticed that the state has peremptorily challenged every African American on this panel, every one. And under the case law and rules, I'd like to have the court inquire about that right now.
MR. SIEGEL: Judge, I don't think that I have to come forth on that. The record should reflect that the defendant is a white male. He's not being
MR. BARLOW: It doesn'tI'm sorry, go ahead.
MR. SIEGEL: Go ahead.
MR. BARLOW: No, it doesn'tthe case law says it doesn't matter what the race of the defendant is, because it's the right of jurors to be selected and sit in judgment of their peers, is the issue.
THE COURT: Well, Mr. Barlow, I don't think your objection was timely made.
MR. BARLOW: Well, Your Honor, I don't see how
THE COURT: Huh?
MR. BARLOW: I don't see how it could be timely until after he had done it. I mean, I guess if I had toas soon as he moved to strike Mr. Brewer, I guess I could have said it, but the damage would have still been done.
THE COURT: Or Mrs. Belsches or Mrs. Graham. I will note for the record that *614 Mrs. Belsches, Mrs. Graham, and Mr. Brewer are African-American.
MR. BARLOW: And I'll just register an objection for the record.
THE COURT: Yeah, I understand. I conclude the objection was not timely made. Other than that, do you agree those are the jurors, Jacobs, Hernandez, Gwinnup, Berg, Hopkins, Everett, and Sowell as the alternate? And I'm not going to tell them who the alternate is.
MR. BARLOW: Just for the record, the only reasonwell, I don't have a choice because the court has made a ruling that we were tardy in making the objection, but like I said, I don't know how I could have done it unless it was done after he, in fact, did it, which is when it was done. But I'll object to the panel based on that. And if we're forced to accept the panel as it is, then we'll accept it on that basis, but it will be over our objection.
THE COURT: All right. I understand.
The Florida Supreme Court has previously addressed the issue of when an objection to the improper use of peremptories must be raised to qualify as a timely objection. See Blackshear v. State, 521 So.2d 1083 (Fla.1988); State v. Castillo, 486 So.2d 565 (Fla.1986). Specifically, in Castillo, the court indicated that an objection to the improper use of peremptories must be raised prior to the swearing of the jury:
A second issue is whether the objection to the improper use of peremptories must be raised prior to the jury being sworn. The answer is in the affirmative. In Neil we outlined the procedure required to preserve this issue. A timely objection must be raised and the state must be given an opportunity to demonstrate that the use of a peremptory was not motivated solely by race. Clearly, an objection must be raised prior to the swearing of the jury, and the issue being presented for the first time on a motion for mistrial, after the jury is sworn, is not timely.
486 So.2d at 565 (emphasis added). Similarly, in Blackshear, the court indicated that an objection, i.e., a motion to strike the entire panel, raised at the conclusion of the selection of regular jurors "was timely because it was raised prior to the swearing of the jury." 521 So.2d at 1083-84 n. 2.
In this case, although he did not object to each peremptory as it was exercised by the state and although he initially accepted the panel, defense counsel objected to the state's use of peremptories to exclude four African-Americans from the jury and he made this objection before the panel was sworn. His objection was therefore timely and otherwise sufficient. See Melbourne v. State, 679 So.2d 759, 764 (Fla.1996) ("A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike." (footnotes omitted)). As a result, the trial court erred in finding defense counsel's objection untimely and failing to perform the requested Neil inquiry. Accordingly, we REVERSE and REMAND this case for a new trial. See State v. Johans, 613 So.2d 1319, 1322 (Fla. 1993) ("[W]e hold that the proper remedy in all cases where the trial court errs in failing to hold a Neil inquiry is to reverse and remand for a new trial.").
MICKLE and LAWRENCE, JJ., concur.
NOTES
[*] Judge Davis did not preside over the jury selection proceedings.