STEVENSON, J.
Appellant, Deon John, challenges his conviction for first degree murder and armed robbery with a deadly weapon on the ground that the trial court erred in finding that the State’s peremptory strike of a black male juror was genuine and non-pretextual. We affirm because the issue was not properly preserved for appellate review.
John was arrested after two witnesses informed police that they saw him steal a bicycle and stab the owner with a screwdriver. The owner of the bicycle subsequently died as a result of his injuries. During jury selection in John’s trial, the trial court questioned prospective jurors regarding prior jury service. A prospective black juror disclosed that he had *551 served on a jury in two eminent domain cases and described the trial as “a lot of talking, just talking.”
The State exercised a peremptory strike against the juror, and the following discourse ensued:
[State] I’m striking him for ... stupidity-
[Defense] I don’t know of any race neutral reason.
[State] I sure do.
[Court] I hate to say it, you’re right.... From his responses, he’s not a bright light.... I have misgivings about somebody I know is less than intelligent on a jury.
[[Image here]]
[Court] That is a genuine race neutral reason.... [T]o me it was very obvious from the first question and the last question the man had trouble understanding the concepts, understanding the questions and giving intelligent answers.
Thereafter, John’s attorney accepted the jury without further objection.
In order to preserve a challenge to a peremptory strike for appellate review, the objecting party must notice the trial court of the basis for the objection. See Melbourne v. State, 679 So.2d 759, 764 (Fla.1996). If the party objects on the basis that the strike is racially motivated, the objecting party must show that the venire person is a member of a distinct racial group and request that the court conduct a Neil[1] inquiry into the reason for the strike. See id. Then, to prevent a waiver of the challenge, the objecting party must either renew its objection before the jury is sworn or accept the jury subject to its earlier objection. See Nelson v. State, 688 So.2d 971, 975 (Fla. 4th DCA 1997). John’s counsel failed to renew the objection to the State’s strike prior to the jury being sworn; thus, any objection to the strike was waived. Accordingly, we affirm without reaching the merits of this appeal.
AFFIRMED.
WARNER, C.J., concurs specially with opinion, in which TAYLOR, J., concurs.

. See State v. Neil, 457 So.2d 481 (Fla.1984).