748 So.2d 332 (1999)
Clyde BURRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1030.
District Court of Appeal of Florida, Fourth District.
December 1, 1999.
Rehearing Denied January 25, 2000.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
KLEIN, J.
We grant the state's motion for rehearing, withdraw our original opinion and substitute the following opinion in its place.
Appellant was convicted of aggravated battery and assault, and appeals, arguing that the trial court improperly permitted the state to strike a juror because she was confused. We affirm.
The juror in question was Ms. Carlisle. The following occurred during voir dire when defense counsel was addressing prospective jurors as a group:
[Defense counsel]: So we're clear about what we're talking about, if you think he's guilty and Ms. Carlisle there thinks he's innocent and the two of you talk back and forth, you both are entitled to your own opinion. If you can't decide, that's what we call a hung jury. That's not what I'm talking about here. Let's say everybody agrees as to what the facts are, but you don't know what happened.

*333 Ms. Drager [venireperson]: The state still hasn't proven their case.
[Defense counsel]: Ms. Carlisle, if you don't know what happened, is that guilty beyond a reasonable doubt?
Ms. Carlisle: Yeah. I guess. I don't know.

The above answer was the entire basis of the court later allowing the state to strike this juror. Prior to that the state challenged her for cause based on the same answer stating:
[Prosecutor]: I hate to say this, I'm going to move to strike her for cause. I don't think she understands what's happening. She didn't clearly understand Mr. Bober's (defense counsel's) question, let's assume there is no evidence, what would your verdict have to be? She said guilty. I would like to hear from Bernie [defense counsel] on this. I get the feeling she doesn't know what's going on.
The Court: I had some concerns about her. I mean, it's like writing on a blank slate with her. Let me hear the defense's position on her.
[Defense counsel]: After I re-explained it to her. I can't say that she's necessarily the most brightest or most articulate person on the jury panel. I did feel that once I re-explained that issue that she did adequately satisfy me. I don't think there is a reason to strike her for cause.
The court denied the challenge for cause, but the state then exercised a peremptory challenge, resulting in the following colloquy:
The Court: That I'll grant. You have the burden of proof. You have to be assured that people understand what you're saying. You're striking her as a peremptory?
[Prosecutor]: Yes.
[Defense counsel]: I would object based on the fact she's the only black person on the jury panel.
The Court: We still have some bodies in the audience. We'll probably reach them the way we're going with this panel.
[Prosecutor]: First of all, I don't think it's showing a pattern. I have a race neutral reason and that's the law. I believe based on the race neutral reason I gave at first that she should be stricken for cause. The court does not agree. The Court: I don't care what color she is you would have to persuade her that the accused is guilty. She had a blank look. And there was difficulty in making her understand some of the basic arguments that were advanced by our lawyers. It's a race neutral reason and I sustain the State's peremptory.
Appellant relies on Spencer v. State, 615 So.2d 688 (Fla.1993), in which the trial court, on its own, excused a juror on the basis of her "IQ." The court did so because some of the juror's answers to questions regarding the death penalty reflected some confusion. The defendant objected to the court's action, and also pointed out that she was the only black person on the jury at the time. In reversing for a new trial, our supreme court explained:
With regard to the trial judge's excusal of jurors during voir dire based on their IQ, we find clear error. There is no legal basis for excusing a juror based on the trial judge's arbitrary evaluation of the juror's IQ. The fact that the juror was confused is no basis for excusing her in this manner.
Id. at 690. In our original opinion we reversed based on Spencer. The state argues on motion for rehearing that we failed to apply the proper standard of review under the supreme court's later decision, Melbourne v. State, 679 So.2d 759 (Fla.1996).
In Melbourne our supreme court quoted from Purkett v. Elem, 514 U.S. 765, 767, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) in which the United States Supreme Court held that the explanation from the proponent of the strike does not have to be *334 "persuasive, or even plausible." The focus is not on reasonableness, but rather the genuineness of the motive which turns "primarily on an assessment of credibility." Melbourne, 679 So.2d at 764, quoting Purkett, 514 U.S. at 769, 115 S.Ct. 1769.
In Young v. State, 744 So.2d 1077 (Fla. 4th DCA 1999) Judge Gross, writing for this court, explained the significance of Melbourne, in regard to our standard of review:
Most significant in Melbourne is the focus on the trial court's role in evaluating the "genuineness" of an explanation for striking a juror. A trial court must analyze a subjective issuewhether a proffered explanation for a challenge is a pretext, which means that it conceals an intent to discriminate based on race. As the supreme court recognized, identifying the true nature of an attorney's motive behind a peremptory strike turns primarily on an assessment of the attorney's credibility. See id. at 764. In our legal system, credibility is a matter solely within the purview of a finder of fact. For this reason, a trial judge's ruling on the "genuineness" of a peremptory challenge "will be affirmed on appeal unless clearly erroneous." Id. at 764-65
The explanation given in this case, that the juror was unable to comprehend the proceedings, is a proper basis for a peremptory strike. Johnson v. State, 717 So.2d 1057 (Fla. 1st DCA), rev. granted, 727 So.2d 906 (1998). The only thing in this record to support the explanation is the juror's one answer to a confusing question and the trial court's observation that she had a "blank look."
It is possible that this juror's ability to comprehend the proceedings may have been misunderstood by both the prosecutor and the trial court because the question by defense counsel that she was answering was unclear. It is also possible that the prosecutor was using this challenge to "mask a strike actually motivated" by an improper reason. John v. State, 741 So.2d 550 (Fla. 4th DCA 1999)(Warner, J., concurring specially). On the other hand, the trial court did observe that she "had a blank look." Under these circumstances we cannot characterize the removal of this juror as being "arbitrary" as it was in Spencer, 615 So.2d at 690, or clearly erroneous under Melbourne. We therefore affirm.
TAYLOR, J., concurs. WARNER, C.J., concurs specially with opinion.
WARNER, C.J., concurring specially.
I feel compelled to revisit our original decision and affirm based upon Melbourne v. State, 679 So.2d 759, 764-65 (Fla.1996), which admonishes reviewing courts as follows:
[a]ccordingly, reviewing courts should keep in mind two principles when enforcing the above guidelines. First, peremptories are presumed to be exercised in a nondiscriminatory manner. Second, the trial court's decision turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous.
(footnotes omitted). Therefore, if any reason can be genuine, then a state attorney's conclusion that the juror is not smart enough to be on the jury is sufficient. However, unlike Johnson v. State, 717 So.2d 1057 (Fla. 1st DCA), rev. granted, 727 So.2d 906 (1998), where complicated DNA evidence was to be introduced at trial, this case was not complicated at all. It was simply a question of credibility between the witnesses.
Spencer v. State, 615 So.2d 688, 690 (Fla.1993), held that "[t]here is no legal basis for excusing a juror based on the trial judge's arbitrary evaluation of the juror's IQ. The fact that the juror was confused is no basis for excusing her in this manner." Given the court's holding, Spencer is limited to a trial court's action in sua sponte removing a juror for lack of intelligence. Thus, under Melbourne, it *335 appears that the parties can do what the trial court is prohibited from doing.