FLETCHER, Judge.
Manuel Fernandez appeals his convictions of first-degree murder and burglary of an occupied dwelling. Because of errors in the jury selection process, we reverse and remand for a new trial.
During jury selection, the State used its first peremptory challenge to strike an African-American prospective juror. Ultimately a twelve-member panel which included two other African-Americans (Shiffrin and Lewis) was tendered. Before the jury was sworn, however, the prosecutor peremptorily challenged first Shiffrin and then Lewis. Immediately after the striking of Lewis, defense counsel alleged the systematic removal of African-American jurors by the State, and requested a Neil[1] inquiry. At the conclusion of the inquiry the court permitted the peremptory strike of Shiffrin on the basis that the defense’s objection thereto came too late, not having been made immediately after the State’s striking of Shiffrin.
We conclude that the trial court erred when it overruled as untimely defense counsel’s objection to the striking of Shiffrin. An objection to the discriminatory use of peremptory challenges raised during the voir dire or selection process is timely if made at any time before the jury is sworn. Blackshear v. State, 521 So.2d 1083 (Fla.1988); Murphy v. State, 708 So.2d 612 (Fla. 1st DCA 1998); Williams v. State, 551 So.2d 492 (Fla. 1st DCA 1989), rev. denied 560 So.2d 235 (Fla.1990). There is no requirement that an objection be made immediately after each juror is challenged. Here, defense counsel objected to the State’s challenges after the State requested the removal of the third African-American on the panel (Lewis) and it appeared to him that a pattern of discrimination had been established.
We also find that the trial court should not have accepted the prosecutor’s stated reason for striking Shiffrin, which *518 reason was a lack of information on the prosecutor’s part because of failure to examine or question Shiffrin. An attorney cannot decline the opportunity to question a prospective juror, then use the lack of information caused by this failure as a reason to support her or his peremptory challenge. A perfunctory examination (or none) is indicative of a disingenuous or pretextual explanation for a challenge. See, e.g. State v. Slappy, 522 So.2d 18 (Fla.1988) (The utter failure to question challenged jurors on the grounds alleged for bias renders the state’s explanation immediately suspect); Burris v. State, 748 So.2d 332 (Fla. 4th DCA 1999)(If the state had been genuinely interested in a juror’s ability to understand the proceedings, the state would have sufficiently explored the subject with her); Overstreet v. State, 712 So.2d 1174, 1177 (Fla. 3d DCA 1998)(A perfunctory or cursory examination of a potential juror as to her uncertainty about accepting testimonial evidence was insufficient); Haile v. State, 672 So.2d 555, 556 (Fla. 2d DCA 1996)(The utter failure to question a potential juror about the subject matter forming the basis of the strike was a source of immediate suspicion).
For the reasons stated, we reverse the convictions and remand for a new trial.

. State v. Neil, 457 So.2d 481 (Fla.1984).