NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALAIN GUEVARA,                              )
                                            )
              Appellant,                    )
                                            )
v.                                          )     Case No. 2D13-5310
                                            )
STATE OF FLORIDA,                           )
                                            )
              Appellee.                     )
                                            )
_____     )

Opinion filed June 5, 2015.

Appeal from the Circuit Court for Lee
County; William McIver, Judge.

Daniel Tibbitt of Law Offices of Andrew
Rier, Miami, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, Assistant Attorney General,
Tampa, for Appellee.


ALTENBERND, Judge.

              Alain Guevara appeals his judgments and sentences for one count of

using a computer to seduce, solicit, lure, or entice a child to engage in unlawful sexual

conduct and one count of traveling to meet a minor to engage in unlawful sexual

conduct.  See § 847.0135(3)(a), (4), Fla. Stat. (2012).  He received concurrent

sentences of forty-two months' imprisonment after a jury found him guilty of both

offenses. The State concedes that an error during jury selection requires a new trial in this case.

On appeal, Mr. Guevara argues that the trial court erred during jury selection when it denied his challenges for cause as to two jurors and when it refused to require the State to provide gender-neutral reasons for its peremptory challenges to two male jurors following defense counsel's timely objections. The assistant state attorney in this case argued during jury selection that males are not a protected class and convinced the trial court that the strike of a male juror did not require the trial court to follow the procedures established in Melbourne v. State, 679 So. 2d 759 (Fla. 1996), in which the supreme court applied State v. Johans, 613 So. 2d 1319 (Fla. 1993), State v. Slappy, 522 So. 2d 18 (Fla. 1988), and State v. Neil, 457 So. 2d 481 (Fla. 1984).

In this appeal, the State properly admits that the law is to the contrary: a party exercising a peremptory strike of a male juror can be called upon to give a gender-neutral reason for the strike. See J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 146 (1994) ("[T]he Equal Protection Clause prohibits discrimination in jury selection on the basis of gender. . . ."); Abshire v. State, 642 So. 2d 542 (Fla. 1994). Once the objecting party asks for a gender-neutral reason, the trial court must follow the procedure in Melbourne and direct the party exercising the peremptory to provide one. Welch v. State, 992 So. 2d 206, 211-12 (Fla. 2008). So long as the objecting party takes the steps necessary to preserve this issue, as Mr. Guevara did here, the trial court's failure to ask for a gender-neutral reason constitutes per se reversible error. See id. at 212 (citing Melbourne, 679 So. 2d at 764); Johans, 613 So. 2d at 1322 ("Thus, we hold that the proper remedy in all cases where the trial court errs in failing to hold a Neil inquiry is

to reverse and remand for a new trial."); <u>Sabine v. State</u>, 58 So. 3d 943, 945-46 (Fla. 2d DCA 2011) (applying "proper remedy" of reversing and remanding for new trial where trial court failed to direct State to provide gender-neutral reason for striking male juror following defense's timely objection); <u>Marshall v. State</u>, 640 So. 2d 84 (Fla. 2d DCA 1994); <u>see also</u> <u>Thomas v. State</u>, 958 So. 2d 1047, 1050-51 (Fla. 2d DCA 2007) (explaining per se nature of errors in the structure of the jury).  The State properly concedes that this court must reverse the judgments and sentences and remand this case for a new trial.  It is therefore unnecessary to address Mr. Guevara's argument that the trial court improperly denied his challenges for cause.

Reversed and remanded.

KELLY and KHOUZAM, JJ., Concur.