# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0589
Lower Tribunal No. F21-20316
_____

**David Phillip Ryan,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch and Andrew Stanton, Assistant Public Defenders, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

EMAS, J.

David Ryan appeals a final judgment of conviction and sentence, following a jury trial, for misdemeanor trespass and resisting an officer without violence.[1] On appeal, he raises four issues: (1) the trial court erred in denying Ryan's motion to empanel a twelve-person jury instead of a six-person panel, in violation of the Sixth Amendment to the United States Constitution; (2) the trial court abused its discretion in denying his peremptory challenge of a prospective juror; (3) Ryan is entitled to resentencing because the judge's comments at a post-sentencing hearing indicate vindictiveness in the prior imposition of sentence; and (4) Ryan is entitled to resentencing because the record raises a reasonable question as to whether the judge sentenced Ryan based on the credibility of his trial testimony. We affirm, and write to more fully address the final point raised on appeal.[2]

---

[1] Ryan was charged by Information with battery on a law enforcement officer (a third-degree felony), resisting arrest without violence, and trespass (each a first-degree misdemeanor). The jury found Ryan not guilty of the felony offense, and guilty of the two misdemeanor offenses. The trial court imposed two consecutive terms of probation (364 days each) with a special condition of 90 days in the county jail, to be reduced to "credit time served" upon Ryan's acceptance into an inpatient alcohol/drug treatment program.

[2] As to the first issue (denial of a motion to empanel a twelve-person jury), Ryan candidly concedes that we are bound by our precedent to affirm. See Jimenez v. State, 167 So. 3d 497 (Fla. 3d DCA 2015). See also Williams v. Florida, 399 U.S. 78 (1970); Simpson v. State, 368 So. 3d 513 (Fla. 5th DCA 2023); Brown v. State, 359 So. 3d 408 (Fla. 1st DCA 2023); Guzman v. State, 350 So. 3d 72 (Fla. 4th DCA 2022); Phillips v. State, 316 So. 3d 779 (Fla.

Ryan contends the trial court's sentence was fundamentally erroneous because it was based in some part on the court's belief that Ryan did not testify truthfully at trial. Specifically, Ryan challenges statements made by the trial court during a post-sentencing hearing on defendant's motion, at which defendant sought post-trial release pursuant to Florida Rule of Criminal Procedure 3.691. Ryan sought such release either by supersedeas bond pending appeal, or by reconsideration of the incarcerative portion of the sentence (ninety days in county jail to be reduced to credit time served upon Ryan's entry into an inpatient alcohol/drug treatment facility). At one point during the hearing, Ryan's wife spoke with the court in support of the request, and told the court her husband had not been drinking since the day of his arrest. After hearing from Ryan's wife, the trial court denied the motion to reconsider, explaining to Ryan's wife:

> You know, there are a couple of issues that I have with – with this – with the request. One is the facts that came out at trial. _How abusive – how abusive and insulting Mr. Ryan was. His testimony at trial was completely inconsistent with the other witnesses._ His counteroffer [prior to commencement of trial] was to immediately have all the charges dismissed, to have an apology letter written by these two officers published in the Miami Herald. . . . Ma'am, your motion is denied. This court could have

1st DCA 2021); Gonzalez v. State, 982 So. 2d 77 (Fla. 2d DCA 2008). We note, however, that this issue is currently pending on a petition for writ of certiorari in the United States Supreme Court. See Guzman v. Florida, No. 23-5173 (Docketed July 17, 2023); Cunningham v. Florida, No. 23-5171 (Docketed July 21, 2023).

3

sentenced Mr. Ryan to 364 days in custody followed by 364 days in custody. And based on the facts that came out during this trial, this Court gave that very serious consideration.

(Emphasis added).

Traditionally in Florida, it was "fundamental error for a sentencing judge to take into consideration a defendant's truthfulness while testifying." Ward v. State, 152 So. 3d 679, 679 (Fla. 4th DCA 2014). See also Daytona Beach v. Del Percio, 476 So. 2d 197, 205 (Fla. 1985); Beauvais v. State, 475 So. 2d 1342 (Fla. 3d DCA 1985). However, the Florida Supreme Court, relying on federal precedent in United States v. Grayson, 438 U.S. 41 (1978), recently clarified the law in this area, adopting the proposition that "a judge may evaluate whether a defendant's in-court statements contained falsehoods and, if so, assess that fact along with all of the other sentencing considerations." State v. Burns, 339 So. 3d 965, 967 (Fla. 2022). While the record is not entirely clear on whether (or the extent to which) the trial court considered Ryan's testimony at the time it imposed sentence, we hold, pursuant to Burns, that it was not error for the trial court to consider Ryan's testimony in fashioning the appropriate sentence. See also Davis v. State, 332 So. 3d 970, 977 (Fla. 2021) ("[B]ecause Davis waived the right to maintain his silence, the trial court did not violate Davis's right to due process by considering the words that Davis voluntarily offered in imposing a

4

sentence . . . . [At sentencing Davis] chose to make a lengthy statement claiming innocence, denying responsibility, and placing blame for his conviction on the alleged misconduct of others. The trial court was under no obligation to ignore such statements and did not err in considering those statements in imposing the legal sentence here.")

Affirmed.[3]

---

[3] We find no merit in the remaining points raised on appeal, and affirm without further discussion. See Fernandez v. State, 746 So. 2d 516, 517-18 (Fla. 3d DCA 1999) ("[T]he trial court should not have accepted the prosecutor's stated reason for striking [the prospective juror], which reason was a lack of information on the prosecutor's part because of failure to examine or question [the prospective juror]. An attorney cannot decline the opportunity to question a prospective juror, then use the lack of information caused by this failure as a reason to support her or his peremptory challenge. A perfunctory examination (or none) is indicative of a disingenuous or pretextual explanation for a challenge); Lidiano v. State, 967 So. 2d 972, 974 (Fla. 3d DCA 2007) ("We begin our analysis, as we must, from the perspective that recognizes that a trial court's decision to accept or reject an attorney's explanation for the peremptory challenge of a juror turns primarily on an assessment of the attorney's credibility, which must be affirmed on appeal unless clearly erroneous."). See also Alvarez-Hernandez v. State, 319 So. 3d 121, 123 (Fla. 3d DCA 2021) ("When a claim of vindictive sentencing is raised, the reviewing court must examine all of the surrounding circumstances of a rejected plea and the sentence imposed to determine whether they create a presumption of vindictiveness. If the totality of the circumstances give rise to a presumption of vindictiveness, then the burden shifts to the state to produce evidence to dispel the presumption. However, if the totality of the circumstances do not give rise to a presumption of vindictiveness, the burden never shifts to the State and the defendant must satisfy his burden to prove actual vindictiveness." (quoting Williams v. State, 225 So. 3d 349, 353 (Fla. 3d DCA 2017) (additional quotation omitted)).